**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter S. Herrick, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  08 - 0035 (JR) |
| ) | |
| U.S. CUSTOMS AND , ) | |
| BORDER PROTECTION, ) | |
| U.S. Department of Homeland, ) | |
| Security. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION FOR SUMMARY JUDGMENT FOR**
**DEFENDANT U.S. CUSTOMS AND BORDER PROTECTION**

Pursuant to Fed. R. Civ. P. 56, defendant, the U.S. Customs and Border Protection, a

component of the United States Department of Homeland Security, respectfully moves for

summary judgment.  As grounds for this motion, defendant asserts that there are no genuine

issues of material fact and that it is entitled to judgment as a matter of law.  A memorandum of

points and authorities, a statement of genuine issues of material fact not in dispute, and a

proposed order granting the relief sought are attached hereto.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
HEATHER GRAHAM-OLIVER,
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 305-1334
 heather.graham-oliver@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter S. Herrick, P.A., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  08 - 0035 (JR) |
| ) | |
| U.S. CUSTOMS AND , ) | |
| BORDER PROTECTION, ) | |
| U.S. Department of Homeland, ) | |
| Security. ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as

to which there is no genuine dispute:

1.      On October 12, 2007, Plaintiff filed a new FOIA request with the United States Customs

and Border Protection's (CBP) Los Angeles – Long Beach Seaport, seeking the names and

addresses of individuals from whom CBP seized currency in the following ten (10) Fines,

Penalties, and Forfeiture (FP&F) cases:  2007270400017001, 2007270400020201,

2007270400029801, 2007272000010001, 2007279100008501, 2007277500007601,

2007277500009501, 2007279510000601, 2007279510000901, 2007272010070501.[1]  See

Declaration of Shari Suzuki (Suzuki Decl.), ¶ 6.

2.      On December 6, 2007, CBP responded to Plaintiff's request withholding the

---

[1]  The Plaintiff previously filed a request dated September 28, 2007, in which he was provided the business names and addresses of 31 of the 41 seizure cases that he specifically requested.  The remaining ten cases that were not provided involved private individuals and are the subject of this litigation.

names and addresses of individuals associated with the ten (10) FP&F cases subject to Plaintiff's

initial FOIA request, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. <u>See</u> Suzuki

Decl., ¶ 7.

3.      On December 11, 2007, Plaintiff appealed CBP's response. The Freedom of

Information Act Appeals, Policy and Litigation Branch (FAPLB) received Plaintiff's appeal on

December 12, 2007 and immediately began processing it. CBP had until January 14, 2008 to

respond to Plaintiff's appeal. On January 8, 2008, Plaintiff commenced this FOIA lawsuit,

alleging only the tardiness of CBP's response. On January 30, 2008, CBP responded to

Plaintiff's administrative appeal. <u>See</u> Suzuki Decl., ¶ 8.

4.      In its response to Plaintiff's administrative appeal, FAPLB reversed CBP's initial

decision to withhold the names of individual violators in **closed** FP&F cases and released the

names pursuant to 19 CFR § 103.32 in the following eight (8) FP&F cases:  2007270400017001,

2007270400020201, 2007270400029801, 2007279100008501, 2007277500007601,

2007272000010001, 2007277500009501, and 2007272010070501.[2] <u>See</u> Suzuki Decl., ¶ 9.

5.      FAPLB withheld the addresses of individual violators in the eight (8) closed

FP&F cases because under 19 CFR § 103.32, "identity of violators" means the names of

violators, not the address, and individuals' addresses are protected under Exemptions (b)(6) and

(b)(7)(C) of the FOIA. <u>See</u> Suzuki Decl., ¶ 10.

---

[2]   Specifically, five (5) FP&F cases (FP&F Case Nos. 2007270400017001, 2007270400020201,
2007270400029801, 2007279100008501, and 2007277500007601) were closed at the time of Plaintiff's initial
request, dated October 12, 2007. However, at the time of CBP's search for information responsive to Plaintiff's
initial request, the remaining five (5) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501,
2007279510000601, 2007279510000901, and 2007272010070501) were still open; hence, CBP properly withheld
the names and addresses of individuals in these open cases, pursuant to privacy Exemptions (b)(6) and (b)(7)(C) of
the FOIA at the initial stage.  Nevertheless, at the time of the appeal and as a courtesy to Plaintiff, CBP released the
names of individuals in three (3) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501, and
2007272010070501) because these cases had been closed by the time of the appeal.

6.    FAPLB also withheld both the names and addresses in the remaining two (2) of the requested FP&F cases (FP&F Case Nos. 2007279510000601 and 2007279510000901) because they were still open at the time of the appeal.  The names and addresses were withheld pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

/s/

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

/s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 305-1334

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter S. Herrick, P.A.,      ) | |
|      ) | |
|   Plaintiff,      ) | |
|      ) | |
|     v.      ) | Case No.  08 - 0035 (JR) |
|      ) | |
| U.S. CUSTOMS AND ,      ) | |
| BORDER PROTECTION,      ) | |
| U.S. Department of Homeland,      ) | |
| Security.      ) | |
|      ) | |
|      ) | |
|   Defendant.      ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
FOR DEFENDANT CUSTOMS AND BORDER PROTECTION**

**I.  INTRODUCTION**

     Defendant U.S. Customs and Border Protection (CBP), a component of the United

States Department of Homeland Security ("DHS"), through the undersigned counsel, respectfully

moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56(c).  Plaintiff, brought

this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, with

regard to the processing of plaintiff's FOIA requests by CBP.  As demonstrated by the attached

declaration of Shari Suzuki, Chief of the Freedom of Information Act Appeals, Policy, and

Litigation Branch (FAPLB), CBP, conducted a reasonable search and properly invoked its

reliance on FOIA Exemptions 6, and 7(C), when it released to plaintiff all reasonably segregable

information that was not exempt from public disclosure by law and that would not violate the

personal privacy of third parties.  Thus, there are no genuine issues of material fact, and

defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  For the reasons

4

set forth below, summary judgment for defendant should be granted.

## II. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings,

together with the declarations, demonstrate that there is no genuine issue of material fact in

dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c);

Alveska Pipeline Serv. Co, v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations

alone insufficient to preclude entry of summary judgment). The Court exercises de novo review

over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. §

552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S.

749, 755 (1989). In carrying its burden, agencies may rely on declarations of government

officials which courts normally accord a presumption of expertise in FOIA as long as the

declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v.

Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security

Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations

are sufficient, it need not inquire further. See Halperin v. CIA, 629 F.2d 144, 148 (D.C. Cir.

1980); see, e.g., Pub. Citizen v. Dep't of State, 276 F.3d 634, 645 (D.C. Cir. 2002) (finding

agency's affidavits sufficiently detailed to support Exemption 1 withholding and determining

that subsequent release of some previously classified information was not evidence of bad faith);

Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir. 2001) (applying

Halperin standard to waiver issue and finding that Department of State adequately explained

how national security concerns were not undermined -- and Exemption 1 was not waived -- by

5

the display of intelligence photographs to United Nations Security Council representatives from other countries). Because defendant has released all non-exempt responsive documents, summary judgement should be granted.

**B.      DEFENDANT CONDUCTED AN ADEQUATE SEARCH**

CBP engaged in a good faith effort to conduct a search for the requested information, using methods which were reasonably expected to produce the information requested, thus satisfying the requirements of the FOIA. Plaintiff's FOIA request specifically pertained to the names and addresses of individual violators from whom currency was seized with respect to ten (10) clearly identified FP&F cases. Suzuki Decl. ¶ 6 & 13.

CBP's record search in response to Plaintiff's request comprised of searching records retained in the Seized Asset and Case Tracking System (SEACATS), a computer based telecommunications system, which tracks seized assets, fines, penalties, and legal cases for the Office of Field Operations (OFO) and the Office of Finance (OF). SEACATS serves as the single repository for all inventory and case information related to seized and forfeited property, fines, penalties, and liquidated damages for CBP. Any and all information created by CBP regarding Plaintiff's FOIA request would be maintained in SEACATS. Suzuki Decl. ¶ 14.

With regard to the FOIA request made by the Plaintiff, a query of SEACATS was conducted and the names and addresses of individual violators were extracted and compiled into a single 2-page document, which was disclosed to Plaintiff with certain information withheld pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. See Suzuki Decl. ¶ 15; Vaughn index attached to the Suzuki Declaration as Attachment A; and Attachment E, pp. 6 & 7.

This 2-page document, containing the names and addresses of individual violators was reviewed to determine whether it could be disclosed in its entirety, disclosed with redaction, or

withheld in its entirety.  See Suzuki Decl., Attachment E, pp. 6 & 7.  If information in the document was exempt, the appropriate exemption was marked on the face of the document. Each line of this document was reviewed to determine if the document could be released with redactions, and the appropriate redactions were made under each Exemption, with the Exemption(s) noted on the document next to the redacted material.  See id & Suzuki Decl., Attachment A.  Specifically, where Exemption (b)(6) was asserted, the material was reviewed to ensure that withholding of information prohibited from disclosure was contained in personnel and medical files and similar files and that the disclosure of this information would constitute a clearly unwarranted invasion of privacy.  Suzuki Decl. ¶ 16; Attachment A and E.

## C.    DEFENDANT HAS ADEQUATELY JUSTIFIED ITS WITHHOLDING OF RECORDS.

### Customs and Border Protection Has Properly Invoked FOIA Exemption (b)(6)

FOIA exemption (b)(6) provides for the withholding of matters contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). In a definitive opinion on the meaning of the term "similar files," the Supreme Court held that exemption (b)(6) "[was] intended to cover detailed Government records on an individual, which can be identified as applying to that individual." Judicial Watch Inc., v. Dept of Commerce, 337 F.Supp 2d 146, 176 (D.D.C. 2004) (citing Department of State v. Washington Post Co., 456 U.S 595, 602 (1982) (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess. 11, reprinted in 1966 U.S. Code Cong. & Admin. News 2428)); New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc).  This broad construction of "similar files" was necessary in view of Congress's primary purpose in enacting exemption 6, which was "to protect individuals from the injury and embarrassment that

can result from the unnecessary disclosure of personal information." <u>Washington Post Co.</u>, 456 U.S. at 599.

CBP invoked exemption (b)(6) in this case to withhold information concerning the names and/or addresses of individuals from whom CBP seized currency in ten (10) Fines, Penalties, and Forfeiture (FP&F) cases. Suzuki Decl. ¶ 6. In eight (8) of those cases, CBP has released the names of the individuals involved because the cases were closed. Suzuki Decl. ¶ 9. However, CBP did not release the addresses of the individuals in those eight (8) cases pursuant to exemption (b)6 and 7(C). Suzuki Decl. ¶ 10. CBP withheld both the names and addresses in two (2) FP&F cases that were still open at the time of the plaintiff's administrative appeal of the initial determination of CBP. Suzuki Decl. ¶ 11.

As to the eight (8) FP&F closed cases, Plaintiff claims that he is not only entitled to the names, which he has received, but also to the addresses of those individuals involved in the cases. Plaintiff claims that he is entitled to the addresses in those cases pursuant to 19 CFR § 103.32, which allows for the release of certain limited information after FP&F proceedings are closed.[3] Suzuki Decl. ¶ 6, n 1. However, under § 103.32, "identity of violators" has been interpreted by CBP to mean the names of the violators and not the addresses. Suzuki Decl. ¶ 10. CBP has sought to protect the addresses of violators under exemptions (b)(6) and (b)(7)(C). <u>Id.</u>

---

[3]  19 CFR § 103.32 provides as follows:

> Except as otherwise provided in these regulations or in other directives (including those published as Treasury Decisions), port directors and other Customs officers shall refrain from disclosing facts concerning seizures, investigations, and other pending cases until Customs action is completed. After the penalty proceeding is closed by payment of the claim amount, payment of a mitigated amount, or judicial action, the identity of the violator, the section of the law violated, the amount of penalty assessed, loss of revenue, mitigated amount (if applicable), and the amount of money paid may be disclosed to the public by the appropriate port director. Public disclosure of any other item of information concerning such cases, whether open or closed, shall only be made in conformance with the procedures provided in Sec. 103.5.

In addition, the names of violators are protected in open FP&F files under the same FOIA exemptions.

Because the information in question can "be identified as applying to [a particular] individual," Washington Post Co., 456 U.S. at 602, the information sought to be protected is contained in files that satisfy the threshold requirement of exemption (b)(6) as defined by the Supreme Court.

Once it is established that the withheld information meets the threshold requirement of exemption (b)(6), a determination must then be made as to whether disclosure would constitute a "clearly unwarranted invasion of personal privacy." This requires balancing of the individual interest in privacy against public interest in disclosure. See Billington v Dept of Justice, 245 F.Supp 2d 79, 85 (D.D.C. 2003); Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989) (Reporters Committee); Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976). The limiting language concerning "clearly unwarranted" invasion of personal privacy, "strikes a proper balance" between protection of an individual's right of privacy and preservation of the public's right to Government information by excluding those kinds of files the disclosure of which might harm the individual." Department of the Air Force v. Rose, 425 U.S. at 372 (citations omitted).

The first step in assessing the propriety of a withholding of information under exemption (b)(6) requires an identification of the privacy interest at issue. See Reporters Committee,489 U.S. at 763.  In the usual case, the Court looks to see whether the information requested, if released, would violate a recognized privacy interest of the subject of such information.  See Schell v. Department of Health & Human Services, 843 F.2d 933, 938 (6th Cir. 1988); Ripskis v. Department of Housing and Urban Development, 746 F.2d 1, 3 (D.C. Cir. 1984). Here, such a

privacy interest clearly exists because the information withheld consists of the names of those who are still subjects of investigation. See Marshall Decl. at ¶16.

Once a privacy interest has been found to exist, a determination regarding whether information has been properly withheld necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989). If a document invades a third party's privacy, and does not contain official information shedding light on government functions, it may be withheld. Id. at 774.

In this action, it is clear that the addresses and in the case of open seizure files, the names of individuals, withheld by the CBP under FOIA exemption (b)(6) would shed no light on the performance of governmental duties. Even if the Court were to somehow determine that there is a small amount of public interest in disclosure of the personal information of these third parties at issue, the balance of interests would still tilt heavily against disclosing this third-party information. Suzuki Decl. ¶ 22.

Moreover, the affected individuals mentioned in open FP&F cases have a substantial privacy interest in not having their names and addresses publicly associated with open CBP fines, penalties, and forfeiture proceedings. Seized Property Recovery Corporation v. U.S. Customs and Border Protection, 2007 U.S. Dist. LEXIS 60145 (2007). Case law has long recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. King v. Department of Justice, 830 F.3d 210, 233 n. 169 (D.C. Cir. 1987); Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987); Senate of the Commonwealth of Puerto Rico v. Department of Justice, 832 F.2d 574, 588 (D.C. Cir. 1987); Bast v. Department of Justice, 665 F. 2d 1251, 1254 (D.C. Cir. 1981). Thus, the

privacy consideration is to protect certain individuals from unnecessary questioning and

harassment with respect to the FP&F proceedings, especially when such proceedings are still

ongoing and the individuals' culpability has not been proven.  Suzuki Decl. ¶ 20.

      With respect to closed FP&F cases, since under 19 CFR § 103.32 the identity of violators

means only the name of violators, CBP released the names but withheld the addresses of these

violators pursuant to the FOIA.  While the individuals determined to be violators of the law have

a lower expectation of privacy in their names due to their culpability and heightened public

interest in enforced compliance with the law, under the FOIA, they maintain a significant

privacy interest in non-disclosure of their home addresses to protect them from comments,

speculation, and unnecessary harassment.  It is one thing to reveal the identity of a violator, but it

is an entirely different matter to reveal precisely where that violator lives.  Suzuki Decl. ¶ 21.

      Accordingly, the defendant has demonstrated that it properly withheld information that

would constitute a clearly unwarranted invasion of personal privacy. Therefore, FOIA exemption

(b)(6) was properly invoked and summary judgment on this issue should be granted in favor of

the defendant.

### Customs and Border Protection Properly Invoked Exemption (b)(7)(C )

      Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled

for law enforcement purposes when disclosure "could reasonably be expected to constitute an

unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  See Robinson v. Attorney

Gen. of the United States, No. 06-2050, 2008 WL 391244 (D.D.C. Feb. 14, 2008).  In assessing

whether records are compiled for law enforcement purposes, the "focus is on how and under

what circumstances the requested files were compiled, and whether the files sought relate to

anything that can fairly be characterized as an enforcement proceeding." Jefferson v. Dep't of

Justice, 284 F.3d 172, 176-77 (D.C.Cir.2002) (citations and internal quotations omitted).

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' Department of Air Force v. Rose, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested." Reporter's Committee, 489 U.S. at 772. Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775. That public interest is to "shed[] light on an agency's performance of its statutory duties." Id. at 772. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." Perrone v. FBI, 908 F. SUPP. 24, 26 (D.D.C. 1995), citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Exemption 7(C) consistently has been held to protect the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Reporters Committee, 489 U.S. at 780; Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong

interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'" (quoting <u>Dunkelberger v. Dept. of Justice</u>, 906 F.2d 779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. <u>Reporters Committee</u>, 489 U.S. at 780; <u>Nation Magazine v. U.S. Customs Service</u>, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); <u>SafeCard Services</u>, 926 F.2d at 1206.

The SEACATS records, from which the information provided to Plaintiff was extracted, meet the requirement for being compiled for law enforcement purposes because these records are created as a result of the administrative law enforcement proceedings. Suzuki Decl. ¶ 24.

CBP's mission is to protect the borders of the United States against terrorists and the instruments of terror, enforce the customs and immigration laws of the United States, and foster our Nation's economy through lawful international trade and travel. Its mission includes the processing of passengers, conveyances, and merchandise entering into the United States. The creation and implementation of effective law enforcement systems and procedures is paramount to achieving this mission. SEACATS system of records is a law enforcement system that tracks all seizures that take place, provides property management of seized goods, and manages the fines and penalties associated with seizures, which contributes to and supports CBP's law enforcement mission to protect the borders. Suzuki Decl. ¶ 25. These records are compiled in direct relation to CBP's law enforcement mandate to protect the U.S. borders.

Further, the individuals whose privacy would be subject to invasion are identified in the records, and the invasion of that privacy is unwarranted. There is no public interest to be served by placing the identities and address information of individual violators in open FP&F cases and

the addresses of individual violators in closed FP&F cases before the public.  Pursuant to

Exemption (b)(7)(C), this information was redacted from the documents released to the Plaintiff.

Id.

   **D.    SEGREGABILITY**.

   The Court of Appeals for the District of Columbia Circuit has held that a District Court

considering a FOIA action has "an affirmative duty to consider the segregability issue sua

sponte."  Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022,

1028 (D.C. Cir. 1999).  The FOIA requires that if a record contains information that is exempt

from disclosure, any "reasonably segregable" information must be disclosed after deletion of the

exempt information unless the non-exempt portions are "inextricably intertwined with exempt

portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566

F.2d 242, 260 (D.C. Cir. 1977).

   In order to demonstrate that all reasonably segregable material has been released, the

agency must provide a "detailed justification" rather than "conclusory statements".  Mead Data,

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"

that the exempt material would effectively be disclosed.  Id.  All that is required is that the

government show "with 'reasonable specificity'" why a document cannot be further segregated.

Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).

Moreover, the agency is not required to "commit significant time and resources to the separation

of disjointed words, phrases, or even sentences which taken separately or together have minimal

or no information content."  Mead Data, 566 F.2d at 261, n.55.

   In this case, CBP has demonstrated with reasonable specificity that all reasonably

segregable information has been released.  Plaintiff requested specific file numbers, which were

14

located through searching the SEACATS system.  Suzuki Decl. ¶ 14.  The names and addresses

of the individual violators were then extracted and compiled into a 2-page document.  Suzuki

Decl. ¶ 15.  This 2-page document was reviewed to determine if there were any portions of the

document that could be released.  CBP redacted only the addresses of the individuals who had

closed files and both the names and addresses of those 2-cases that remained open.  Suzuki Decl.

¶ 10, 11.  Information withheld as indicated in the attached <u>Vaughn</u> index was individually

determined to be exempt from release; however, the segregable portions were released to the

Plaintiff.  Suzuki Decl. ¶ 26.  In sum, CBP has properly responded to plaintiff's FOIA request

and has provided plaintiff with all of the reasonably segregable nonexempt information to which

he is entitled.


### III.  <u>CONCLUSION</u>

For the foregoing reasons, defendant CBP respectfully requests entry of summary

judgment.  A proposed order setting forth the relief requested is attached.


Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


/s/
_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____

HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER S. HERRICK, P.A.,                )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )       Civil No. 1:08-cv-00035
                                       )
U.S. CUSTOMS AND BORDER                )
PROTECTION,                            )
                                       )
          Defendants.                  )

## DECLARATION OF SHARI SUZUKI

I, SHARI SUZUKI, pursuant to 28 U.S.C. § 1746, declare the following to be true and correct:

1.      I am the Chief of the Freedom of Information Act Appeals, Policy, and Litigation

Branch (FAPLB), Rulings and Disclosure Law Division, Regulations and Rulings, Office of

International Trade, United States Customs and Border Protection (CBP), Department of

Homeland Security (DHS) in Washington D.C.  The FAPLB is the office within DHS/CBP that

is charged at all times pertinent to this litigation with the responsibility of managing and

responding to administrative appeals of initial responses under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552.

2.      As the Chief of the FAPLB, I am responsible for the overall supervision and

management of the FAPLB, and I serve as the official with the following responsibilities, *inter

alia*:  1) giving guidance and instructions to the personnel in CBP regarding the processing of

FOIA requests; 2) adjudicating administrative appeals that concern FOIA requests; and, 3)

overseeing all CBP activities related to information disclosure.  I have held this position since

April 2, 2006.

1

3.     I am familiar with Mr. Peter Herrick's (hereinafter Plaintiff) request for information from CBP, pursuant to the FOIA. All information contained herein is based upon information furnished to me in my official capacity, and the statements I make in this declaration are based on my personal knowledge, which includes knowledge acquired through, and agency files reviewed, in the course of my official duties.

4.     The purpose of this Declaration is to describe for the Court Defendant's handling of Plaintiff's FOIA request and appeal, and to provide the Court and Plaintiff with a <u>Vaughn</u> Index, identifying information responsive to Plaintiff's FOIA request, but exempt from disclosure under the FOIA, in accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). *See* Attachment A (identifying the document redacted and released to Plaintiff). This Declaration and its attachments, along with the <u>Vaughn</u> Index, provide the Court and Plaintiff with an identification of information that is withheld, the statutory exemption(s) claimed, and the justification for asserting the exemptions used to withhold certain information contained in the record at issue.

5.     This Declaration consists of: (I) a summary of the relevant facts and correspondence regarding Plaintiff's FOIA request and appeal; (II) an explanation of the search for records responsive to Plaintiff's request; (III) an explanation of the notation form used to identify the justification for redacted information; (IV) the justification for withholding information under the FOIA; and (V) a statement regarding the segregability of the document partially withheld.

**I.    Summary of Relevant Facts and Correspondence Concerning Plaintiff's FOIA Request and Appeal**

6.     On October 12, 2007, Plaintiff filed a FOIA request with CBP's Los Angeles –

2

Long Beach Seaport, seeking the names and addresses of individuals from whom CBP seized currency in the following ten (10) Fines, Penalties, and Forfeiture (FP&F) cases: 2007270400017001, 2007270400020201, 2007270400029801, 2007272000010001, 2007279100008501, 2007277500007601, 2007277500009501, 2007279510000601, 2007279510000901, 2007272010070501. *See* Attachment B. Plaintiff claimed that the FP&F cases were closed, and he was entitled to the information pursuant to 19 CFR § 103.32, which allows for the release of certain limited information after FP&F proceedings are closed.[1]

7.      On December 6, 2007, CBP responded to Plaintiff's request withholding the names and addresses of individuals associated with the FP&F cases subject to Plaintiff's initial FOIA request, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. *See* Attachment C.

8.      On December 11, 2007, Plaintiff appealed CBP's response. *See* Attachment D. FAPLB received Plaintiff's appeal on December 12, 2007 and immediately began processing it. CBP had until January 14, 2008 to respond to Plaintiff's appeal. On January 8, 2008, Plaintiff commenced this FOIA lawsuit, alleging only the tardiness of CBP's response. On January 30, 2008, CBP responded to Plaintiff's administrative appeal. *See* Attachment E.

9.      In its response to Plaintiff's administrative appeal, FAPLB reversed CBP's initial decision to withhold the names of individual violators in **closed** FP&F cases and released the

---

[1] 19 CFR § 103.32 provides as follows:

> Except as otherwise provided in these regulations or in other directives (including those published as Treasury Decisions), port directors and other Customs officers shall refrain from disclosing facts concerning seizures, investigations, and other pending cases until Customs action is completed. After the penalty proceeding is closed by payment of the claim amount, payment of a mitigated amount, or judicial action, the identity of the violator, the section of the law violated, the amount of penalty assessed, loss of revenue, mitigated amount (if applicable), and the amount of money paid may be disclosed to the public by the appropriate port director. Public disclosure of any other item of information concerning such cases, whether open or closed, shall only be made in conformance with the procedures provided in Sec. 103.5.

names pursuant to 19 CFR § 103.32 in the following eight (8) FP&F cases: 2007270400017001,

2007270400020201, 2007270400029801, 2007279100008501, 2007277500007601,

2007272000010001, 2007277500009501, and 2007272010070501.[2]

10.     FAPLB withheld the addresses of individual violators in closed FP&F cases

because under 19 CFR § 103.32, "identity of violators" means the names of violators, not the

address and individuals' addresses are protected under Exemptions (b)(6) and (b)(7)(C) of the

FOIA.

11.     FAPLB also withheld both the names and addresses in two (2) FP&F cases

(FP&F Case Nos. 2007279510000601 and 2007279510000901) that were still open at the time

of the appeal, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.

**II.     Explanation of the Search for Records Responsive to Plaintiff's Request**

12.     CBP engaged in a good faith effort to conduct a search for the requested

information, using methods which were reasonably expected to produce the information

requested, thus satisfying the requirements of the FOIA.

13.     Plaintiff's FOIA request specifically pertained to the names and addresses of

individual violators from whom currency was seized with respect to ten (10) FP&F cases,

previously referenced in this Declaration.

14.     CBP's record search in response to Plaintiff's request comprised of searching

records retained in the Seized Asset and Case Tracking System (SEACATS), a computer based

_____

[2] Specifically, five (5) FP&F cases (FP&F Case Nos. 2007270400017001, 2007270400020201, 2007270400029801, 2007279100008501, and 2007277500007601) were closed at the time of Plaintiff's initial request, dated October 12, 2007. However, at the time of CBP's search for information responsive to Plaintiff's initial request, the remaining five (5) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501, 2007279510000601, 2007279510000901, and 2007272010070501) were still open; hence, CBP properly withheld the names and addresses of individuals in these open cases, pursuant to privacy Exemptions (b)(6) and (b)(7)(C) of the FOIA at the initial stage. Nevertheless, at the time of the appeal and as a courtesy to Plaintiff, CBP released the names of individuals in three (3) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501, and 2007272010070501) because these cases had been closed by the time of the appeal.

telecommunications system, which tracks seized assets, fines, penalties, and legal cases for the Office of Field Operations (OFO) and the Office of Finance (OF). SEACATS serves as the single repository for all inventory and case information related to seized and forfeited property, fines, penalties, and liquated damages for CBP. Any and all information created by CBP regarding Plaintiff's FOIA request would be maintained in SEACATS.

15.     With regard to the FOIA request made by the Plaintiff, a query of SEACATS was conducted and the names and addresses of individual violators were extracted and compiled into a single 2-page document, which was disclosed to Plaintiff with certain information withheld pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.

16.     This document, containing the names and addresses of individual violators was reviewed to determine whether it could be disclosed in its entirety, disclosed with redaction, or withheld in its entirety. If information in the document was exempt, the appropriate exemption was marked on the face of the document. Each line of this document was reviewed to determine if the document could be released with redactions, and the appropriate redactions were made under each Exemption, with the Exemption(s) noted on the document next to the redacted material. Specifically, where Exemption (b)(6) was asserted, the material was reviewed to ensure that withholding of information prohibited from disclosure was contained in personnel and medical files and similar files and that the disclosure of this information would constitute a clearly unwarranted invasion of privacy.

## III.     Explanation of the Notation Form Used to Identify the Justification for Redacted Information

17.     The released copy of the responsive document contains coded categories of FOIA exemptions which detail the nature of the information withheld. For example, if "b6" appears on

5

a document, this refers to Exemption (b)(6) of the FOIA, which protects certain information the disclosure of which would violate personal privacy of individuals. The narrative description of withheld information, as provided in this declaration and the attached <u>Vaughn</u> Index, is unique to each document described. This description is intended to provide the Court and Plaintiff with a general understanding of the document or material withheld without being so detailed as to specifically identify, and hence release, the material sought to be protected.

IV.    **Justification for Redacted Materials**

    A.    **<u>5 U.S.C. § 552(b)(6): Personnel and Medical Files and Similar Files the Disclosure of which would Constitute a Clearly Unwarranted Invasion of Personal Privacy</u>**

    18.    Exemption (b)(6) (5 U.S.C. § 552(b)(6)) exempts from disclosure personnel and medical files and similar files the release of which would constitute a clearly unwarranted invasion of personal privacy. This protection is afforded to information that would infringe on the personal privacy of individuals about whom it pertains. The United States Supreme Court in <u>United States v. Washington Post Co.</u>, 456 U.S. 595 (1982) stated in reliance on legislative history of the FOIA that the phrase "personnel and medical and similar files" was to be broadly interpreted and made it clear that all information that "applies to a particular individual" meets the threshold requirement for Exemption (b)(6) protection. Once the threshold requirement is met, Exemption (b)(6) requires a balancing of the public's right to know against an individual's right to privacy to determine whether disclosure of the records at issue would constitute a clearly unwarranted invasion of a person's privacy. <u>Dep't of the Air Force v. Rose</u>, 425 U.S. 352 (1976). It must be ascertained whether a protectible privacy interest exists that would be threatened by disclosure.

6

19.    The FP&F records pertaining to specific individuals and reviewed to extract the names and addresses of specific individuals from whom currency was seized, fall under the broad "similar files" protection of Exemption (b)(6).

20.    Further, the affected individuals mentioned in open FP&F cases have a substantial privacy interest in not having their names and addresses publicly associated with open CBP fines, penalties, and forfeiture proceedings. Seized Property Recovery Corporation v. U.S. Customs and Border Protection, 2007 U.S. Dist. LEXIS 60145 (2007). Case law has long recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. King v. Department of Justice, 830 F.3d 210, 233 n. 169 (D.C. Cir. 1987); Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987); Senate of the Commonwealth of Puerto Rico v. Department of Justice, 832 F.2d 574, 588 (D.C. Cir. 1987); Bast v. Department of Justice, 665 F. 2d 1251, 1254 (D.C. Cir. 1981). Thus, the privacy consideration is to protect certain individuals from unnecessary questioning and harassment with respect to the FP&F proceedings, especially when such proceedings are still ongoing and the individuals' culpability has not been proven.

21.    With respect to closed FP&F cases, since under 19 CFR § 103.32 the identity of violators means only the name of violators, we are releasing the names but withholding the addresses of these violators pursuant to the FOIA. While the individuals determined to be violators of the law have a lower expectation of privacy in their names due to their culpability and heightened public interest in enforced compliance with the law, under the FOIA, they maintain a significant privacy interest in non-disclosure of their home addresses to protect them from comments, speculation, and unnecessary harassment. It is one thing to reveal the identity

7

of a violator, but it is an entirely different matter to reveal precisely where that violator lives.

22.     Further, disclosing the information redacted from the record in this case, *i.e.,* names and addresses of individual violators, would constitute an unwarranted invasion of privacy as it does not shed light on how CBP performs its statutory duties or provides any public interest in the disclosure of such information. Thus, Exemption (b)(6) has been applied to withhold the names and addresses of individual violators in open FP&F cases and the addresses of individual violators in closed FP&F cases. This information was withheld from the following pages redacted and released to Plaintiff: 1 and 2.

**B.     5 U.S.C. § 552(b)(7)(C): Records and Information Compiled for Law Enforcement Purposes that Could Reasonably be Expected to Constitute an Unwarranted Invasion of Personal Privacy**

23.     In addition to Exemption (b)(6), the names and addresses of individual violators in open FP&F cases and the addresses of individual violators in closed FP&F cases are withheld under Exemption (b)(7)(C). Exemption (b)(7)(C) exempts from disclosure "records and information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption (b)(7) applies to civil, criminal, and administrative law enforcement proceedings, and protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes. Exemption (b)(7)(C) was asserted to protect the identities and contact information of individual violators in open FP&F cases and addresses of individual violators in closed FP&F cases. The primary consideration is to protect such individuals from unnecessary questioning and harassment concerning the administrative law enforcement proceedings they are involved in.

8

24.     The SEACATS records, from which the information provided to Plaintiff was extracted, meet the requirement for being compiled for law enforcement purposes because these records are created as a result of the administrative law enforcement proceedings.

25.     CBP's mission is to protect the borders of the Unites States against terrorists and the instruments of terror, enforce the customs and immigration laws of the United States, and foster our Nation's economy through lawful international trade and travel. Its mission includes the processing of passengers, conveyances, and merchandise entering into the United States. The creation and implementation of effective law enforcement systems and procedures is paramount to achieving this mission. SEACATS system of records is a law enforcement system that tracks all seizures that take place, provides property management of seized goods, and manages the fines and penalties associated with seizures, which contributes to and supports CBP's law enforcement mission to protect the borders. Given the nature of Plaintiff's request and the description of the SEACATS system of records, two (2) pages of responsive records are law enforcement records because such records are compiled in direct relation to CBP's law enforcement mandate to protect the U.S. borders. Further, the individuals whose privacy would be subject to invasion are identified in the records, and the invasion of that privacy is unwarranted. There is no public interest to be served by placing the identities and address information of individual violators in open FP&F cases and the addresses of individual violators in closed FP&F cases before the public. Pursuant to Exemption (b)(7)(C), this information was withheld from the following pages redacted and released to the Plaintiff: 1 and 2.

## V.     Segregability

26.     Under the FOIA, "any reasonably segregable portion of a record shall be provided

9

to any person requesting such record after deletion of the portions, which are exempt."

5 U.S.C. § 552(b). All information not exempted from disclosure pursuant to the FOIA

exemptions specified above was correctly segregated and non-exempt portions promptly

released. Each document partially released was reviewed to determine if there were any portions

of the document that could be released. Information withheld as indicated in the attached

<u>Vaughn</u> Index was individually determined to be exempt from release; however, the segragable

portions were released to the Plaintiff.

      27.     I declare under penalty of perjury, that the matters and facts set forth in this

Declaration fall within my official purview and, based upon my personal knowledge,

information, and belief, are correct and true.

      Executed this   **25ᵗʰ**   day of March, 2008.

Shari Suzuki, Chief
FOIA Appeal, Policy, and Litigation Branch
Regulation and Disclosure Law Division
Office of International Trade; Regulations and Rulings
U.S. Customs and Border Protection
Washington, D.C. 20229

**ATTACHMENT A**

**DOCUMENTS RELEASED IN PART**

<u>Vaughn Index</u>

| Document | Location & Other Document Identifiers | Document Description | # of pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 1 | Fines, Penalties & Forfeiture (FP&F) Office (Seized Asset and Case Tracking System (SEACATS)) Port of Entry (POE) Los Angeles – Long Beach Seaport | A list of names and addresses of individuals from whom currency was seized by CBP (FP&F Case Nos. 2007270400017001, 2007270400020201, 2007270400029801, 2007272000010001, 2007279100008501, 2007277500007601, 2007277500009501, 2007279510000601, 2007279510000901, 2007272010070501). | 2 | Exemptions (b)(6), (b)(7)(C)– based on privacy considerations, names and addresses of individual violators in open FP&F cases and addresses of individual violators in closed FP&F cases were withheld to protect these individuals from comments, speculation, and unnecessary harassment with respect to the FP&F proceedings – such information does not shed light on how CBP performs its statutory duties nor there is any public interest in the disclosure of such information. |

Attachment B

# SEIZED PROPERTY RECOVERY CORPORATION
### 3520 Crystal View Court
### Miami, Florida 33133
### Tel. 305-428-0855

October 12, 2007

TELECOPY ONLY (562-628-7900)

FREEDOM OF INFORMATION ACT

Assistant Port Director, Trade
U S Customs and Border Protection
301 East Ocean Blvd.
Suite 1400
Long Beach CA 90802

Re:    Your File 07-311

Attn:  Susan Ryland

Dear Ms. Ryland:

   With reference to your letter dated September 28, 2007, copy enclosed, we presume the listed cases have been closed. Therefore, pursuant to 19 C.F.R. §103.32 we request the identity of the violators which includes their addresses. We have already paid for this information.

Sincerely,

Peter S. Herrick

Enclosure

Attachment B

301 East Ocean Blvd, Suite _____
Long Beach, CA 90802



**U.S. Customs and
Border Protection**

SEP 2 8 2007

FA-07-2704-311

Mr. Peter S. Herrick
Seized Property Recovery Corporation
3520 Crystal View Court
Miami, FL 33133

Subject: Freedom of Information Act (FOIA) Request

Dear Mr. Herrick:

Your request for access to records under the Freedom of Information Act [5 USC 552(b)], dated
and faxed to our office on July 3, 2007, has been processed. Enclosed please find printouts from
our database listing the business names and addresses related to 31 of the 41 seizure cases listed
in your request. Disclosure of information on the remaining 10 seizure cases listed below is
denied under 5 USC 552(b)(7)(c) as information that could reasonably be expected to constitute
an unwarranted invasion of personal privacy:

| | | |
|---|---|---|
| 20072704000170 | 20072704000202 | 20072704000298 |
| 20072720000100 | 20072791000085 | 20072775000076 |
| 20072775000095 | 20072795100006 | 20072795100009 |
| 20072720100705 | | |

You have the right to file an appeal on this determination with the Assistant Commissioner,
Office of Regulations and Rulings, U.S. Customs and Border Protection, 1300 Pennsylvania
Avenue N.W., Mint Annex, Washington, DC 20229, within 35 days of the date of this letter.
Please mark both your letter and envelope "FOIA Appeal."

If you have any questions, please contact FOIA Officer Susan Ryland at (562) 366-3270 or email
to susan.ryland@dhs.gov. Please refer to File No. **07-311**.

Sincerely,

Bonnie L. Lemert
Assistant Port Director, Trade
Los Angeles-Long Beach Seaport

Enclosures

Attachment C

301 East Ocean Blvd, Suite _____
Long Beach, CA 90802



**U.S. Customs and
Border Protection**

DEC 0 6 2007

FA-08-2704-024

Mr. Peter S. Herrick
Seized Property Recovery Corporation
3520 Crystal View Court
Miami, FL 33133

Subject: Freedom of Information Act (FOIA) / 19 CFR 103.32 Request

Dear Mr. Herrick:

This letter is in response to your request under the terms of the Freedom of Information Act, 5
USC 552 (and/or the Privacy Act, 5 USC 552a) and 19 CFR 103.32, dated and faxed to our
office on October 12, 2007, in which you have requested, "pursuant to 19 CFR 103.32," the ten
(10) individuals' names and addresses that were withheld from disclosure on previous FOIA
Case File No. 07-2704-311.

As in the past, your request for access to the names and addresses of <u>individuals</u> associated with
certain CBP seizures is denied in full under Exemptions (b)(6) and (b)(7)(c) of the Freedom of
Information Act [5 USC 552(b)], because said information constitutes an unwarranted invasion
of personal privacy. Whether the seizure cases are open or closed, this information on
individuals will not be disclosed. We will continue to provide you with the names and addresses
of the <u>businesses</u> associated with certain seizure cases, so long as you make your request for
same under 19 CFR 103.5 as a FOIA request. Under 19 CFR 103.32 "*Information concerning
fines, penalties and forfeitures cases,*" only the business name, not the address, is considered to
be the "identity of the violator."

You have the right to file an appeal on this determination with the Assistant Commissioner,
Office of Regulations and Rulings, U.S. Customs and Border Protection, 1300 Pennsylvania
Avenue, N.W., Mint Annex, Washington, DC 20229 within 35 days of the date of this letter.
Please mark the envelope and letter "FOIA Appeal."

If you have any questions, please contact FOIA Officer Susan Ryland at (562) 366-3270 or email
to susan.ryland@dhs.gov. Please refer to File No. **08-024**.

Sincerely,

Bonnie L. Lemert
Assistant Port Director, Trade
Los Angeles-Long Beach Seaport

Attachment D

# SEIZED PROPERTY RECOVERY CORPORATION
### 3520 Crystal View Court
### Miami, Florida 33133
### Tel. 305-428-0855

December 11, 2007

TELECOPY ONLY (202-572-8747)
FREEDOM OF INFORMATION ACT APPEAL

Shari Suzuki, Chief
FOIA Appeals, Policy & Litigation Branch
Office of Regulations and Rulings
U S Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington DC 20229

Dear Ms. Suzuki:

This is an appeal of the decision by CBP's Los Angeles Assistant Port Director, Trade, dated December 6, 2007, copy enclosed, of the request dated October 12, 2007, copy enclosed, for the release of the identities of the violators pursuant to 19 C.F.R. §103.32. The request and this appeal are pursuant to the Freedom of Information Act.

The cases referred to in the October 12th letter are closed. CBP has not exempted closed penalty cases from disclosure under the Privacy Act. The Privacy Act is not a withholding statute. See, e.g., Greentree v. U S Customs Service, 674 F. 2d 74 (DC Cir. 1982). Release of the requested information is required by section 103.32 and 5 U.S.C. 552a(b)(2). "Identity of the violator" includes the name and address of the violator. See, e.g., your letter to my office dated November 6, 2007 requiring the name and address of the requester, copy enclosed.

Please make the requested names and addresses available within 30 days and not the usual 2 years that your office has been taking with our appeals.

Sincerely

Peter S. Herrick

Attachment D

301 East Ocean Blvd, Suite _____
Long Beach, CA 90802



**U.S. Customs and
Border Protection**

DEC 0 6 2007

FA-08-2704-024

Mr. Peter S. Herrick
Seized Property Recovery Corporation
3520 Crystal View Court
Miami, FL 33133

Subject: Freedom of Information Act (FOIA) / 19 CFR 103.32 Request

Dear Mr. Herrick:

This letter is in response to your request under the terms of the Freedom of Information Act, 5 USC 552 (and/or the Privacy Act, 5 USC 552a) and 19 CFR 103.32, dated and faxed to our office on October 12, 2007, in which you have requested, "pursuant to 19 CFR 103.32," the ten (10) individuals' names and addresses that were withheld from disclosure on previous FOIA Case File No. 07-2704-311.

As in the past, your request for access to the names and addresses of <u>individuals</u> associated with certain CBP seizures is denied in full under Exemptions (b)(6) and (b)(7)(c) of the Freedom of Information Act [5 USC 552(b)], because said information constitutes an unwarranted invasion of personal privacy. Whether the seizure cases are open or closed, this information on individuals will not be disclosed. We will continue to provide you with the names and addresses of the <u>businesses</u> associated with certain seizure cases, so long as you make your request for same under 19 CFR 103.5 as a FOIA request. Under 19 CFR 103.32 "*Information concerning fines, penalties and forfeitures cases,*" only the business name, not the address, is considered to be the "identity of the violator."

You have the right to file an appeal on this determination with the Assistant Commissioner, Office of Regulations and Rulings, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, N.W., Mint Annex, Washington, DC 20229 within 35 days of the date of this letter. Please mark the envelope and letter "FOIA Appeal."

If you have any questions, please contact FOIA Officer Susan Ryland at (562) 366-3270 or email to susan.ryland@dhs.gov. Please refer to File No. **08-024**.

Sincerely,

Bonnie L. Lemert
Assistant Port Director, Trade
Los Angeles-Long Beach Seaport

Attachment D

# SEIZED PROPERTY RECOVERY CORPORATION
### 3520 Crystal View Court
### Miami, Florida 33133
### Tel. 305-428-0855

October 12, 2007

TELECOPY ONLY (562-628-7900)

FREEDOM OF INFORMATION ACT

Assistant Port Director, Trade
U S Customs and Border Protection
301 East Ocean Blvd.
Suite 1400
Long Beach CA 90802

Re:   Your File 07-311

Attn:  Susan Ryland

Dear Ms. Ryland:

    With reference to your letter dated September 28, 2007, copy enclosed, we presume the listed cases have been closed. Therefore, pursuant to 19 C.F.R. §103.32 we request the identity of the violators which includes their addresses. We have already paid for this information.

                         Sincerely,



                         Peter S. Herrick

Enclosure

Attachment D

301 East Ocean Blvd, Suite _____
Long Beach, CA 90802



**U.S. Customs and
Border Protection**

SEP 2 8 2007

FA-07-2704-311

Mr. Peter S. Herrick
Seized Property Recovery Corporation
3520 Crystal View Court
Miami, FL 33133

Subject: Freedom of Information Act (FOIA) Request

Dear Mr. Herrick:

Your request for access to records under the Freedom of Information Act [5 USC 552(b)], dated
and faxed to our office on July 3, 2007, has been processed. Enclosed please find printouts from
our database listing the business names and addresses related to 31 of the 41 seizure cases listed
in your request. Disclosure of information on the remaining 10 seizure cases listed below is
denied under 5 USC 552(b)(7)(c) as information that could reasonably be expected to constitute
an unwarranted invasion of personal privacy:

|              |              |              |
|--------------|--------------|--------------|
| 20072704000170 | 20072704000202 | 20072704000298 |
| 20072720000100 | 20072791000085 | 20072775000076 |
| 20072775000095 | 20072795100006 | 20072795100009 |
| 20072720100705 |              |              |

You have the right to file an appeal on this determination with the Assistant Commissioner,
Office of Regulations and Rulings, U.S. Customs and Border Protection, 1300 Pennsylvania
Avenue N.W., Mint Annex, Washington, DC 20229, within 35 days of the date of this letter.
Please mark both your letter and envelope "FOIA Appeal."

If you have any questions, please contact FOIA Officer Susan Ryland at (562) 366-3270 or email
to susan.ryland@dhs.gov. Please refer to File No. **07-311**.

Sincerely,

Bonnie L. Lemert
Assistant Port Director, Trade
Los Angeles-Long Beach Seaport

Enclosures

Attachment E

U.S. Department of Homeland Security
Washington, DC 20229



**U.S. Customs and
Border Protection**

JAN 3 0 2008

DIS-3 OT:RR:RDL:FAPL
H020849 YAG

Seized Property Recovery Corporation
Attn: Peter S. Herrick
3520 Crystal View Court
Miami, Florida 33133

RE:    Freedom of Information Act Appeal

Dear Mr. Herrick:

This letter is in response to your correspondence, dated December 11, 2007, appealing the withholding of certain information by the Los Angeles – Long Beach Seaport, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), in its initial response, dated December 6, 2007, pursuant to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) request.

You initially requested the names and addresses of individuals from whom CBP seized property pursuant to the FOIA and 19 CFR § 103.32. In its response, OFO withheld the names and addresses of individuals, pertaining to ten (10) Fines, Penalties, and Forfeiture (FP&F) cases, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.[1]

Upon review of this case, we affirm, in part, and reverse, in part, the decision of the Los Angeles – Long Beach Seaport denying your request to produce the names and addresses of individuals from whom CBP seized property, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. We find that according to 19 CFR § 103.32, CBP may release to the public the identity of violators in closed FP&F cases. However, kindly note that under this regulation, "identity of violators" means the name of violators, not the address. Therefore, in closed cases and pursuant to 19 CFR § 103.32, we are

---

[1] Please note that based on your initial request, we understand the following FP&F cases to be the subject of your appeal: 2007270400017001, 2007270400020201, 2007270400029801, 2007272000010001, 2007279100008501, 2007277500007601, 2007277500009501, 2007279510000601, 2007279510000901, 2007272010070501.

Attachment E

releasing the names of individual violators only and withhold the addresses of these individuals under the FOIA. Additionally, we are withholding the names and addresses of individual violators in opened FP&F cases pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.

Specifically, we determine that five (5) FP&F cases (FP&F Case Nos. 2007270400017001, 2007270400020201, 2007270400029801, 2007279100008501, and 2007277500007601) were closed at the time of your initial request, dated October 12, 2007. Therefore, we are releasing to you the names of five (5) individuals in these FP&F cases. However, at the time of CBP's search for information responsive to your initial request, dated October 12, 2007, another five (5) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501, 2007279510000601, 2007279510000901, and 2007272010070501), subject to your request, were still opened; hence, OFO correctly withheld the names and addresses of individuals in these opened cases, pursuant to privacy Exemptions (b)(6) and (b)(7)(C) of the FOIA. Yet, at this time and as a courtesy to you, we are releasing the names of individuals in three (3) FP&F cases (FP&F Case Nos. 2007272000010001, 2007277500009501, and 2007272010070501) because these cases are now closed. The remaining two (2) cases (FP&F Case Nos. 2007279510000601 and 2007279510000901) are still opened; therefore, the names and addresses of individuals in these files are being withheld pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. Please allow us to explain our findings.

The FOIA "was enacted to facilitate public access to Government documents." U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). The FOIA provides that government agencies shall make available to the public a broad spectrum of information, but exempts from its mandate certain specified categories of information. EPA v. Mink, 410 U.S. 73, 74 (1973). Thus, "Congress realized that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." FBI v. Abramson, 456 U.S. 615, 621 (1982).

Exemption (b)(6) permits the government to withhold all information about an individual in "personnel and medical and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To warrant protection under Exemption (b)(6), information must first meet its threshold requirement: it must fall within the category of "personnel and medical files and similar files." U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). In U.S. Dep't of State v. Washington Post, 456 U.S. 595, at 602 (1982), the Supreme Court stated in reliance on legislative history of the FOIA that the phrase "personnel and medical and similar files" was to be broadly interpreted and made it clear that all information that "applies to a particular individual" meets the threshold requirement for Exemption (b)(6) protection. Thus, the FP&F records

Attachment E

pertaining to specific individuals and reviewed to extract the names and addresses of specific individuals from whom the property was seized, fall under the protection of Exemption (b)(6).

Once the threshold requirement that the records are "personnel and medical and similar files" is met, the issue becomes whether disclosure of the information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The resolution of this issue involves a balancing of the public's right to know the information against the individual's right to privacy. See Department of Air Force v. Rose, 425 U.S. 352 (1976).

Individuals who are involved in seizure, penalty or liquidated damages actions that are still opened have a significant privacy interest in their names and addresses. For example, with respect to individuals, case law has long recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. See, e.g., King v. Department of Justice, 830 F.3d 210, 233 n. 169 (D.C. Cir. 1987); Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987); Senate of the Commonwealth of Puerto Rico v. Department of Justice, 832 F.2d 574, 588 (D.C. Cir. 1987); Bast v. Department of Justice, 665 F. 2d 1251, 1254 (D.C. Cir. 1981). It is the position of CBP that the affected individuals mentioned in opened FP&F cases have a substantial privacy interest in not having their names and addresses publicly associated with CBP fines, penalties, and forfeiture proceedings. Accordingly, we find that the release of the names and addresses of individuals in opened cases from whom CBP seized property constitutes an invasion of privacy. Furthermore, please be advised that with respect to closed cases, since under 19 CFR § 103.32 the identity of violators means only the name of violators, we are withholding the addresses of these violators pursuant to the FOIA. While the individuals determined to be violators of the law have a lower expectation of privacy in their names due to their culpability and heightened public interest in enforced compliance with the law, under the FOIA, they maintain a significant privacy interest in non-disclosure of their home addresses to protect them from comments, speculation, and unnecessary harassment. It is one thing to reveal the identity of a violator, but it is an entirely different matter to reveal precisely where that violator lives.

The next question is whether the invasion is "unwarranted"; that is whether the privacy interest is greater than the public interest in disclosure. See 5 U.S.C. § 552(b)(6), (b)(7)(C). The Supreme Court's decision in National Archives and Records Administration v. Favish, 541 U.S. 157, 172-73 (2004), stated:

> The citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its

Attachment E

own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted.

The public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny," Oguaiu v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002). By way of analogy, the courts have consistently refused to recognize any public interest in the disclosure of information solely to assist a prisoner in challenging his conviction. See, e.g., Oguaiu at 450. Moreover, "the innocence of a particular defendant in a particular case 'tell[s] us nothing about matters of substantive law enforcement policy that are properly the subject of public concern." Neely v. Federal Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000). See also Unites States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).

Furthermore, disclosure must benefit the public overall and not just the requester himself. The public interest must be sufficient to overcome the clear privacy interest an individual has in his or her name and home address. Names and addresses may be protected, especially where the request is clearly for the purpose of soliciting business or for other commercial purposes. See, e.g., Prof'l Programs Group v. Dep't of Commerce, 29 F.3d 1349, 1353-55 (9th Cir. 1994) (withholding names and addresses of persons registered to take patent bar examination from business offering patent bar exam preparation courses to lawyers); Robbins v. HHS, No. 1:95-cv-3258, slip. op. at 8-9 (N.D. Ga Aug. 12, 1996) (withholding names and addresses of rejected social security disability claimants from attorney hoping to solicit business); Schoettle v. Kemp, 733 F. Supp. 1395, 1397-98 (D. Haw. 1990) (declining to order release of identities of mortgagors eligible for distributions of money); O'kane v. United States Customs Service, 169 F.3d 1308 (11th Cir. 1999) (withholding addresses of individuals whose possessions had been seized from lawyer wanting to solicit individuals for his law practice).

Under the facts in this appeal, we find that the names and addresses of individuals, from whom CBP seized property and who are involved in opened FP&F cases, fall outside the ambit of the public interest that the FOIA was enacted to serve. Also, with respect to closed FP&F cases, we are withholding the violators' address information under the FOIA as well, because you failed to demonstrate how the disclosure of this information would benefit the public overall and shed light on CBP's activities. Further, under the FOIA, the individuals' interests in their privacy outweigh any interest you may have in this information as a third party.

Finally, in addition to Exemption (b)(6), the names and addresses of individuals in opened FP&F cases and the addresses of violators in closed FP&F cases are withheld under Exemption (b)(7)(C). Exemption (b)(7)(C) exempts from disclosure "records and information compiled for law enforcement purposes" the disclosure of which "could reasonable by expected to constitute an unwarranted invasion of personal privacy." 5

Attachment E

U.S.C. § 552(b)(7)(C).  Exemption (b)(7) applies to civil, criminal and administrative law enforcement proceedings, and protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes.  Exemption (b)(7)(C) is also intended to protect third parties whose identities are revealed in law enforcement files from comment, speculation and stigmatizing connotation associated with being identified in a law enforcement record. Lesar v. United States, 636 F.2d 472 (D.C. Cir. 1980).

We conclude that Exemption (b)(7)(C) is applicable to the information withheld from disclosure.  The FP&F records, containing the names and addresses of individuals from whom CBP seized property meet the requirement for being compiled for law enforcement purposes, the individuals whose privacy would be subject to invasion are parties, identified in the records, and the invasion of that privacy is unwarranted.

If you disagree with our decision on this administrative appeal, you may pursue judicial review of this agency decision pursuant to 5 U.S.C. § 552(a)(4)(B) in the U.S. District Court in the district in which you reside or have a principle place of business, or in which the agency records are situated, or in the U.S. District Court for the District of Columbia.

Sincerely,

Shari Suzuki, Chief
FOIA Appeals, Policy, and Litigation Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection

Enclosure:  two (2) pages with redactions

Attachment E

FA-07-2704-311

**Individuals:**

FPF CASE NBR: 2007270400017001
VIOLATOR LAST NAME: ROMERO-RODRIGUEZ
FIRST NAME: JOSE DE JESUS     MIDDLE NAME:
STREET:* ███████████     APT/SUITE:     b6
CITY:* ██████     ST: ██ CNTRY:*██ ZIP: ████     b7c

FPF CASE NBR: 2007270400020201
VIOLATOR LAST NAME: HERNANADEZ
FIRST NAME: RAMIRO     MIDDLE NAME:
STREET:* ███████████     APT/SUITE:     b6
CITY:* ███████     ST: ██ CNTRY:*██ ZIP: ████     b7c

FPF CASE NBR: 2007270400029801
VIOLATOR LAST NAME: QU
FIRST NAME: JIA     MIDDLE NAME:
STREET:* ███████     APT/SUITE: ███     b6
CITY:* █████████     ST: ██ CNTRY:*██ ZIP: ████     b7c

FPF CASE NBR: 2007272000010001
VIOLATOR BUSINESS NAME: MIKE
STREET:* ████████     APT/SUITE: ███     b6
CITY:* █████████     ST: ██ CNTRY:*██ ZIP: ████     b7c

FPF CASE NBR: 2007279100008501
VIOLATOR LAST NAME: CANTU
FIRST NAME: ALMA     MIDDLE NAME: PATRICIA
STREET:* ███████████     APT/SUITE:     b6
CITY:* ███████     ST: ██ CNTRY:*██ ZIP: ████     b7c

FPF CASE NBR: 2007277500007601
VIOLATOR LAST NAME: MONTERREY
FIRST NAME: ADRIANA     MIDDLE NAME: QUINTANILLA
STREET:* ████████████     APT/SUITE:
CITY:* █████████     ST:██ CNTRY:*██ ZIP: ████     b6     b7c

FPF CASE NBR: 2007277500009501
VIOLATOR LAST NAME: CHIU
FIRST NAME: KAM     MIDDLE NAME:
STREET:* ████████     APT/SUITE:     b6
CITY:* ███████     ST: ██ CNTRY:*██ ZIP: ████     b7c

Attachment E



FP&F CASE NBR: 2007279510000601
NAME
STREET*
CITY*                    ST    CNTRY*    ZIP:          > all b6 b7c

FP&F CASE NBR: 2007279510000901
LAST                          FIRST
STREET*
CITY*                    ST    CNTRY*    ZIP:

FP&F CASE NBR: 2007272010070501
LAST MONTAMEDIANN             FIRST MAX
STREET*                       APT/SUITE:          b6
CITY*                    ST    CNTRY*    ZIP:      b7c

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter S. Herrick, P.A.,      ) | |
|                ) | |
|     Plaintiff,      ) | |

Peter S. Herrick, P.A.,        )
                  )
    Plaintiff,        )
                  )
        v.          )     Case No.  08 - 0035 (JR)
                  )
U.S. CUSTOMS AND ,      )
BORDER PROTECTION,    )
U.S. Department of Homeland, )
Security.               )
                  )
                  )
    Defendant.     )
_____)

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, and the

entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED, that the Defendant's motion is GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**