IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by and through its undersigned attorney, respectfully opposes Defendant's Motion For Summary Judgment and plaintiff files its Cross Motion For Summary Judgment pursuant to Fed. R. Civ. P. 56. As to defendant's Motion For Summary Judgment there are genuine issues of material fact and it is not entitled to judgment as a matter of law. As to plaintiff's Cross Motion For Summary Judgment there are no genuine issues of material fact and it is entitled to judgement as a matter of law. A memorandum of points and authorities; a statement of genuine issues of material facts in dispute; a statement of genuine issues of material fact not in dispute; and, a proposed order.

Respectfully submitted,


_____/s/_____

1

                PETER S. HERRICK, D.C. Bar #137935
                Peter S. Herrick, P.A.
                3520 Crystal View Court
                Miami, Florida 33133
                Tel. 305-858-2332
                Fax. 305-858-6347
                Email: pherrick@bellsouth.net
                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 6, 2008.

                                /s/
                        Peter S. Herrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ITS CROSS MOTION FOR SUMMARY JUDGMENT**

**ARGUMENT**

Plaintiff requested the defendant to provide the names and addresses of violator's of defendant's closed cases pursuant to 19 C.F.R. §103.32. Section 103.32 provides:

> "Except as otherwise provided in these regulations or in other directives (including those published as Treasury Decisions), port directors and other Customs officers shall refrain from disclosing facts concerning seizures, investigations, and other pending cases until Customs action is completed. After the penalty proceeding is closed by payment of the claim amount, payment of a mitigated amount, or judicial action, the **identity of the violator**, the section of the law violated, the amount of penalty assessed, loss of revenue, mitigated amount (if applicable), and the amount of money paid may be disclosed to the public by the appropriate port director. Public disclosure of any other item of information concerning such cases, whether open or closed, shall only be made in conformance with the procedures provided in §103.5." [Emphasis Added]

The defendant, U.S. Customs and Border Protection ["Customs"], has provided the names

of individuals for closed cases but not their addresses.

**1.     Defining "Identity Of The Violator"**

When faced with a question of statutory interpretation [and presumably in this case regulatory interpretation] the first task of a court is to identify "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the endo of the matter; for the court, as well as the agency must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-844 (1984). To determine whether Congress has directly spoken as to the meaning of a statutory [regulatory] term, a court "must utilize the 'traditional tools of statutory construction,'" beginning with an inquiry into the ordinary meaning of the text itself. Cal. Indus. Prods., Inc. v. United States, 436 F. 3d 1341, 1353 (Fed. Cir. 2006).

The Freedom of Information Act, 5 U.S.C. §552, *et seq.* has not defined "identity of the violator" nor directly addressed the issue of disclosing information from a closed case. Black's Law Dictionary, Sixth Edition, West Publishing Co., at page 745 defines "identity" as sameness. The same definition may be found in Webster's Dictionary. Herrick Dec. ¶ 6. This is not helpful for this regulatory construction. In its rule making for section 103.32 Customs should have followed the example of the Internal Revenue Service from 26 U.S.C. §6103(b)(6) "[t]axpayer identity. The term 'taxpayer identity' means the name of a person with respect to whom a return is filed, his **mailing address**, his taxpayer identifying number...." [Emphasis added]. Herrick Dec. ¶ 7.

At page 8 of its motion, Customs states: "h]owever, under §103.32, 'identity of

violators' has been interpreted by CBP to mean the names of the violators and not the addresses. Suzuki Decl. ¶ 10."[1] Here, the ordinary meaning of the term "identity of the violator" could be limited to Customs' proposed definition, or could encompass a wide swath of determinations, and the FOIA statute does not define the term. "Customs' ruling letters [declarations] are entitled to deference proportional to their power to persuade." United States v. Mead Corp., 533 U.S. 218, 235 (2001) (citing Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944). In evaluating the persuasiveness of a Customs classification ruling [declaration], the factors to be considered include "the writer' thoroughness, logic, and expertness, [the ruling's] fit with prior interpretations, and any other sources of weight." Mead, supra, p. 235.

In this case, the Customs' declaration that "identity of violator" means names and not addresses is not persuasive. None of the *Mead* factors for determining persuasiveness are present in the Suzuki declaration.

> "Furthermore, 'the Government's burden in establishing the requisite invasion of privacy to support an Exemption 6 claim is heavier than the standard applicable to [certain other exemptions],' United States Dep't of State v. Ray, 502 U.S. 164, 172, 112 S. Ct. 541, 116 L. Ed. 2d 526 (1991), because the Government must show that disclosure 'would constitute' (as opposed to 'could reasonably be expected to constitute') a 'clearly unwarranted' (as opposed to simply 'unwarranted') invasion of personal privacy. United States Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 756, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989). Finally, of course, a party is entitled to summary judgment only if it can show by undisputed facts supported by admissible evidence that it is entitled to judgment as a matter of law. Rule 56, Fed. R. Civ. P.; see also, e.g., Giannullo v. City of New York,

---

[1] The plaintiff is not requesting the names and addresses of violators of open cases.

322 F.3d 139, 140 (2d Cir. 2003)." <u>Associated Press v. United States Department of Defense</u>, 410 F. Supp. 2d 147, 150 (S.D.N.Y. 2006)

The government declaration has not demonstrated that disclosure of an address would constitute a clearly unwarranted invasion of personal privacy. Furthermore, there is nothing in the record before this Court that suggests that any of the named persons were informed during their administrative and/or judicial proceedings that their addresses would remain confidential.

### 2. A Questionnaire To Aid The Court In Deciding The Motions

In *Associated Press* the court directed the Department of Defense to ask each detainee whether he wished his identifying information to be released to the Associated Press or not. Customs should also receive similar direction from this Court so that Customs would not have to guess whether the violator wanted his or her address released. Quite simply, each violator of a closed case should be provided with a form which would state the following:

> You have previously had property seized from your possession by officers of the U. S. Customs and Border Protection. The law firm of Peter S. Herrick, P.A. has requested your name, which we have provided pursuant to our regulations, and, your address which we are currently withholding. This law firm wants to contact you to assist you in obtaining the return of your seized property. We have held back the release of your address believing that the release of such information may be dangerous to you and your family. Before deciding whether this was proper, the Court that is hearing this dispute would like to know your preference.
>
> Therefore, please check one of the two boxes below, indicating whether or not you want to release your address.
>
> \_\_\_\_\_ Yes, I want my address released to the law firm, Peter S. Herrick, P.A.
>
> \_\_\_\_\_ No, I do not want my address released to the law firm, Peter S. Herrick,

P.A.

We believe the use of this form, now and in the future will take the guesswork out of the FOIA requests both for the agency and the courts. Herrick Dec ¶ 11.

WHEREFORE, the plaintiff respectfully requests the Court to deny the defendant's motion for summary judgment and to withhold a decision on plaintiff's motion for summary judgment until the violators have been contacted and returned the information.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 6, 2008.

/s/
Peter S. Herrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS A GENUINE ISSUE**

1. Under 19 C.F.R. §103.32 "identity of the violator" includes not only the name of the violator but also the address of the violator and perhaps even more information. Herrick Dec ¶ 5.

2. Under 5 U.S.C. §552(a)(6)(A)(ii) the defendant had until January 9, 2008 to respond to plaintiff's appeal. Herrick Dec ¶ 3.

3. The complaint was filed on January 8, 2008 and defendant's counsel was served the summons and complaint on January 11, 2008.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court

1

Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 6, 2008.

_____/s/_____
Peter S. Herrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), the plaintiff hereby submits the following material facts as to which there is no genuine issue:

1. With the exception of paragraphs 3 and 5, plaintiff adopts defendant's Statement Of Material Facts As To Which There Is No Genuine Issue. Herrick Dec ¶ 4.

2. Under 19 C.F.R. §103.32 "identity of the violator" includes not only the name of the violator but also the address of the violator and perhaps even more information. Herrick Dec ¶ 5.

3. Under 5 U.S.C. §552(a)(6)(A)(ii) the defendant had until January 9, 2008 to respond to plaintiff's appeal. Herrick Dec ¶ 3.

4. The complaint was filed on January 8, 2008 and defendant's counsel was served the summons and complaint on January 11, 2008.

Respectfully submitted,

_/s/_
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Heather Graham-Oliver, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 6, 2008.

_/s/_
Peter S. Herrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF PETER S. HERRICK**

I, PETER S. HERRICK, pursuant to 28 U.S.C. §1746, declare the following to be true and correct:

1. I am the principal attorney in the Peter S. Herrick, P.A. law firm ["Herrick"].

2. Peter S. Herrick, P.A. is the plaintiff in the instant case.

3. Herrick faxed its FOIA appeal to the defendant, U. S. Customs and Border Protection ["Customs"] on December 11, 2007 and it was received by Customs on the same date. Twenty days from the date of receipt, not including weekends and holidays, would require a response to the appeal by January 9, 2008.

4. With the exception of paragraphs 3 and 5 Herrick adopts defendant's Statement Of Material Facts As To Which There Is No Genuine Issue.

5. The term "identity of the violator" used in 19 C.F.R. §103.32 has not been defined, however, as a minimum it would include the name and address of the violator.

6. The word "identity" is defined in Black's Law Dictionary and Webster's Dictionary to mean "sameness."

7. The term "taxpayer identity" is defined in 26 U.S.C. §6103(b)(6) to include the name and address of the taxpayer.

8. The Suzuki declaration has not demonstrated that disclosure of an address would constitute a clearly unwarranted invasion of personal privacy.

9. There is no evidence that anyone in Customs contacted any "violator" to determine it they objected to the release of their address.

10. Herrick proposes the Court create a form to be given to the violators to ascertain if they objected to the release of their addresses to Herrick.

11. Such a form is similar to Executive Order 12,600 dated June 23, 1987 and has been similarly used in other cases.

I declare under penalty of perjury, that the matters and facts set forth in this Declaration are based on my personal knowledge, information, and belief, are correct and true.

Executed this 6th day of May, 2008.

_____
Peter S. Herrick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER S. HERRICK, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0035(JR) |
| ) | |
| U.S. CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Opposition To Defendant's Motion For Summary Judgment And Plaintiff's Cross Motion For Summary Judgment, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Defendant's Motion For Summary Judgment is DENIED; and it is further

ORDERED that defendant will send a form to the named violators to ascertain whether they agree or disagree to give their addresses to the plaintiff.

_____
UNITED STATES DISTRICT JUDGE