IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Peter S. Herrick, P.A.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  08 - 0035 (JR) |
| ) | |
| **U.S. CUSTOMS AND ,** ) | |
| **BORDER PROTECTION,** ) | |
| **U.S. Department of Homeland,** ) | |
| **Security.** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition and Cross Motion for Summary Judgment ("Opp.") offers little to refute Defendant's showing that U.S. Customs and Border Protection (CBP), conducted a reasonable search and properly invoked its reliance on the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, Exemptions 6, and 7(C) for the addresses of private individuals.  CBP released to plaintiff all reasonably segregable information that was not exempt from public disclosure by law and that would not violate the personal privacy of third parties.  Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

**ARGUMENT**

The Plaintiff's FOIA request originally pertained to the names and addresses of private third parties from whom CBP seized currency in ten (10) Fines, Penalties, and Forfeiture (FP&F) cases.  See Declaration of Shari Suzuki (Suzuki Decl.), ¶ 6.  Currently, there are only eight (8)

files in issue as two (2) were still open at the time of the Plaintiff's FOIA administrative appeal. Suzuki Decl,, ¶ 11. Plaintiff concedes that he is not requesting the names and addresses of violators in open FP&F cases. Pltf's Opp., at 3. Hence, there are only eight (8) FP&F files that are in contention here. Of those eight files, CBP has disclosed the names of each violator. Plaintiff contends that this is not enough and that CBP is under a duty pursuant to FOIA to release the addresses as well. There is no such duty under the FOIA.

[I]    CBP Fully Complied With The FOIA.

Plaintiff brought this action based solely upon the FOIA and did not ask for relief on the merits.[1] In spite of this, plaintiff appears to be seeking to change this FOIA action into one challenging CBP's interpretation of 19 C.F.R. § 103.32, which states that the "identity" of the violator should be released when the penalty proceeding is closed. Pltf's Opp., at 1 - 3. CBP has interpreted the word "identity" to mean the names of the violators and not the addresses. Suzuki Decl. ¶ 10. As such, CBP has more than fulfilled its obligation under the FOIA and has released the names of the violators in the requested eight FP&F files. See Seized Property Recovery, Corporation v. United States Customs and Border Protection, 2007 U.S. Dist. LEXIS 60145 (D.D.C. 2007) (finding that the names and addresses of certain individuals from whom Customs had seized property were protected under FOIA Exemptions 6 and 7(C)).

The premier purpose of the enactment of the FOIA was to elucidate the availability of Government records and actions to the American citizen. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 21.4, 242 (1978); see also NARA v. Favish, 124 S.Ct. 1570, 1580 (2004) (emphasizing

---

[1] This case is not here before the Court for disposition upon grounds other than the Freedom of Information Act as a request for the disclosure of names and addresses of individuals from whom CBP seized currency. Suzuki Decl., ¶ 6.

that the FOIA's underlying purpose of allowing citizens to know what the government is up to is a structural necessity in a real democracy.) FOIA provides a person a right to obtain access to federal agency records, except to the extent that such records (or portions of them) are protected from public disclosure by one of nine exemptions or one of three special law enforcement record exclusions. See 5 U.S.C. § 552 et seq. The United States Supreme Court has emphasized that only "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." United States Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 773 (1989). See also Attorney General's Memorandum for Heads of All Federal Departments and Agencies Regarding the FOIA (Oct. 12, 2001), reprinted in FOIA Post (posted 10/15/01) (emphasizing the public interest in protecting fundamental societal values, "[a]mong [which] are safeguarding our national security, enhancing the effectiveness of our law enforcement agencies, protecting sensitive business information and, not least, preserving personal privacy"). This case is all about preserving personal privacy under Exemptions 6 and 7(C).

In Seized Property Recovery, Corporation v. United States Customs and Border Protection, ("SPRC") a Florida Corporation, whose business included representing corporations and individuals on issues pending with Customs, sought to obtain names and addresses so that it could contact the parties and offer them its services in seeking remission of their property.[2] 2007 U.S. Dist. LEXIS 60145, *4. Likewise, in the instant matter, Mr. Herrick and his law firm seek to contact the FP&F "violator" to assist him in obtaining the return of his seized property.

---

[2] Mr. Peter Herrick, the same Plaintiff in this case, is the principal officer and director of SPRC. Id., note 4.

Pltf s Opp., at 4. The <u>SPRC</u> Court explained the proper legal framework for the Court to consider under FOIA. "In the FOIA context, the Court may award summary judgment to an agency on the basis of information provided in affidavits or declarations when they describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record not by evidence of agency bad faith." <u>Id.</u>, at *9 - 10. In the instant case, CBP has demonstrated that the information withheld logically falls within the claimed exemptions, which are not controverted and do not evidence agency bad faith.

Plaintiff does not argue that the information withheld does not meet the requirements of Exemption 6 and 7(C). Pltf's Opp. Nor, does he provide a showing of a public interest in the disclosure of this information. The obvious and telling reason is because there is no public interest in the release of addresses of individual violators. As the Court in the SPRC decision stated:

> Given the privacy interest held by the individuals, balanced against the very limited or nonexistent public interest in disclosure, . . . Customs has overcome the presumption in favor of disclosure under Exemption 6. . . The Court cannot ignore that plaintiff's principal reason in seeking the disclosure of the names and addresses of those persons whose property had been seized by Customs is to solicit their business. Plaintiff candidly acknowledges that it would contact each person identified for the purpose of representing them in seeking remission of the forfeiture of their property. <u>Thus, customs will not be required to release the names and addresses of individuals whose property has been seized, because disclosure "would constitute a clearly unwarranted invasion of personal privacy."</u> 5 U.S.C. § 552(b)(6). Because Customs has met this burden under [E]xemption 6, the court also holds that the agency has met the lighter burden under [E]xemption 7(C). (Emphasis Added)

Id., at *23 - 24. Accordingly, CBP's Motion for Summary judgment based upon FOIA Exemptions 6 and 7(C) should be granted.

## II.     CBP's Interpretation of the Word "Identity" is Persuasive.

CBP's interpretation of the word, "identity" is reasonable and persuasive. Although CBP Regulations do not define the word "identity," CBP has interpreted the "identity of violators" to mean only the names of violators, and not the addresses. This definition is entirely compatible with FOIA case law, which clearly favors withholding both the names and addresses in this context. See SPRC. CBP has determined that the disclosure of addresses in closed cases would constitute a clearly unwarranted invasion of privacy. CBP is trying to protect individuals from the unnecessary harassment of being solicited, which is exactly what Exemption (b)(6) and (7)(C) serve to protect. In addition, the release of this information carries with it the potential stigma and embarrassment associated with the illegality of seizure and forfeiture proceedings. See SPRC, at *23 - 24.

The proper forum for this case is not a challenge to CBP's interpretation of the regulation under Chevron[3] and its progeny, but rather pursuant to the dictates of the FOIA. Given the FOLA's broad public interest of protecting fundamental societal values, including preserving personal privacy, it is entirely persuasive to withhold the addresses of private individuals to protect them from comments, speculation, and unnecessary harassment. See Skidmore v. Swift & Co, 323 U.S. 134, 140 (1944).

---

[3] Chevron U.S.A. Inc., v. Natural Resources Defense Council, 467 U.S. 837 (1984).

## CONCLUSION

For the foregoing reasons, Defendant CBP respectfully requests entry of summary judgment.

        Respectfully submitted,

        /s/
        _____
        JEFFREY A. TAYLOR, BAR # 498610
        United States Attorney

        /s/
        _____
        RUDOLPH CONTRERAS, Bar # 434122
        Assistant United States Attorney

        /s/
        _____
        HEATHER GRAHAM-OLIVER
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W.  Civil Division
        Washington, D.C.  20530
        (202) 305-1334