IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Peter S. Herrick, P.A.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 08 - 0035 (JR) |
| **U.S. CUSTOMS AND ,** | ) |
| **BORDER PROTECTION,** | ) |
| U.S. Department of Homeland, | ) |
| Security. | ) |
| **Defendant.** | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY

The additional cases provided in the Plaintiff's Notice of Additional Authority offer no support to his motion for summary judgment. Plaintiff cited <u>Baltimore Sun v. U.S. Marshals Service</u>, 131 F.Supp. 2d 725 (D. Md. 2001), wherein the court ordered the U.S. Marshals Service to disclose the addresses of persons who had purchased seized property; and, <u>City of Chicago v. U.S. Department of Treasury</u>, 287 F.3d 628 (7th Cir. 2002), *rev'd on other grounds*, 537 U.S. 1229 (2003), wherein the court ordered the Bureau of Alcohol, Tobacco and Firearms (ATF) to release the addresses of manufacturers, dealers, purchasers and possessors of firearms to the City of Chicago. The instant case is distinguishable from <u>Baltimore Sun</u> and <u>City of Chicago</u> because here there is no public interest in releasing the addresses of private third parties who have been fined by Customs and Border Protection and the individuals involved will suffer harassment and annoyance.

In <u>Baltimore Sun</u>, the U.S. Marshal Service withheld the names and addresses of

individuals who purchased seized property at auction. 131 F.Supp. 2d at 726. The Marshal Service argued that 5 U.S.C. § 552(b)(7)(C) exempted disclosure of individual's addresses. Id. However, the district court found that there was no privacy interest because "the purchasers [had] little to fear in the way of "harassment, annoyance, or embarrassment." Id. at 729. The Court failed to "perceive any reputational harm to an individual stemming from the voluntary purchase of a previously seized property." Id. at 729. The "purchasers of the previously seized property … voluntarily [chose] to participate in the purchase of property … in a wholly legal commercial transaction." Id. In contrast, here, the individuals have violated the law and disclosure of their addresses could expose them to comments, speculation, and unnecessary harassment.

In City of Chicago, the defendant withheld the names and addresses of all firearm purchasers, manufacturers, dealers and importers. 287 F.3d at 631. There, the ATF argued inter alia that the individuals names and addresses should be withheld for privacy reasons. Id. at 632. However, the 7th Circuit held that there is no privacy interest in the purchase of a firearm. City of Chicago, 287 F.3d at 636. Specifically, the Court stated that "the purchase of a firearm is not a private transaction. . .the Gun Control Act requires that a transaction for the sale of a firearm be recorded and every dealer is required to make business records available to investigation. Again, every purchaser of a firearm is on notice that their name and address must be reported to state and local authorities and the ATF. . . As a result, there can be no expectation of privacy in the requested names and addresses." Id. at 637. On the other hand, the Court found that the public's interest in disclosure was compelling. "The effectiveness of ATF's performance impacts the City's interests in preventing illegal handgun trafficking and preserving the integrity of Chicago's gun control ordinances. There is a strong public policy in facilitating the analysis of

national patterns of gun trafficking and enabling the City to enforce its criminal ordinances." Id. Therefore, the 7th Circuit found a strong public interest in disclosure, which outweighed any privacy interest. Id. at 637.

In contrast, here, there is no showing of a compelling public interest in releasing the addresses of private third parties who were subjected to fines, penalties, or forfeiture. Case law has recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. King v. Department of Justice, 830 F.3d 210, 233 n. 169 (D.C. Cir. 1987). Further, Plaintiff has not provided a showing of public interest in the disclosure of this information. Unlike City of Chicago, the principal reason in the instant case for seeking the disclosure of the addresses of these private individuals is to solicit their business. Hence, disclosing the addresses would expose these individuals to harassment or annoyance. Accordingly, plaintiff's additional authority offers no support to his motion for summary judgment.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

3

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 305-1334